## LUTHER ABBOTT *versus* NANCY UPTON.

A mortgage of real estate was made to B., conditioned to pay him the contents of a promissory note payable on demand, signed by him as surety and by the mortgagor as principal, or *indemnify* him against his liability on the note. This note was afterwards taken up, a new note, signed by the mortgagor and other sureties, being given therefor. It was *held*, that the condition of the mortgage was saved, and consequently that no interest in the mortgaged premises remained in B. which could pass by his assignment of the mortgage.

WRIT of entry on a mortgage. On a case stated it appeared, that the mortgage, dated December 20th, 1832, was given by Joseph Upton to David Brigham, conditioned to pay Brigham the contents of a promissory note for $400, payable to Elisha Smith on demand, with interest annually, signed by J. Upton as principal and Brigham as surety, or indemnify Brigham from all costs and damages by reason of his signing the note.

On the 6th of February, 1834, the plaintiff, with one Day, at the request of J. Upton, took up the note above mentioned, by giving a new note therefor, for $404, signed by J. Upton, Day and the plaintiff, payable to Smith in one year with interest. At the same time Brigham, by a writing not under seal, assigned the mortgage to Day and the plaintiff, and the mortgage and the note mentioned in it, (which appears to be cancelled,) were then passed to the plaintiff. On the 11th of August, 1836, the mortgage was duly assigned by Brigham to Day and the plaintiff, and on the 27th of August following, Day assigned his interest therein to the plaintiff.

On the 6th of February, 1834, J. Upton gave to Day and the plaintiff a mortgage of personal property to secure them against their liability on the note signed by them. After this

mortgage became absolute, Day and the plaintiff took posses- <span>Abbott</span>
sion of the personal property ; which, in the opinion of J. Up- <span>v.</span>
ton, was worth, at that time, from $ 500 to $ 600. <span>Upton.</span>

On the 8th of July, 1834, J. Upton conveyed the land for which this action was brought, to the defendant.

A verdict was taken for the plaintiff, subject to the opinion of the Court.

The plaintiff offered to discharge the personal property from the mortgage, so soon as his judgment in this case (if he prevailed) should be satisfied.

*Mann*, for the plaintiff. *Oct. 20th.*

*Spaulding*, for the defendant.

*Per Curiam.* The substance of the condition of the mort- *Oct. 21st.* gage declared on, was to indemnify Brigham against the payment of the note to Smith, signed by him as surety for J. Upton. When that note was paid and discharged, Brigham was fully exonerated and indemnified ; he never could be called on, and the condition was saved, and the defeasance took effect. And the Court are of opinion, that when the principal, Upton, gave a new note for a different sum, with other sureties, and with other collateral security to indemnify those sureties, Brigham was wholly exonerated and discharged, his interest in the mortgaged premises ceased by force of the defeasance, and nothing remained to pass by his assignment.

*Plaintiff nonsuit*